UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CONSOLIDATED RAIL CORPORATION
and NORFOLK SOUTHERN RAILWAY
CO.,

    Plaintiff,                      CIVIL ACTION NO. 09-CV-10179

vs.                             DISTRICT JUDGE NANCY G. EDMUNDS

GRAND TRUNK WESTERN          MAGISTRATE JUDGE MONA K. MAJZOUB
RAILROAD CO.,

    Defendant,

    -and-

GRAND TRUNK WESTERN
RAILROAD CO.,

    Counter-Claimant,

vs.

CONSOLIDATED RAIL CORPORATION
and NORFOLK SOUTHERN RAILWAY
CO.,

    Counter-Defendants.
_____/

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANT'S MOTION TO COMPEL DISCOVERY (DOCKET NO. 35)**

      This matter comes before the Court on Defendant's Motion to Compel Discovery and Disclosure of Alleged Privileged/Confidential and/or Redacted Information filed September 14, 2009. (Docket no. 35). Plaintiff has filed a response to the motion. (Docket no. 39). Defendant filed a Reply Brief. (Docket no. 46). The parties filed a Joint Statement of Resolved and

1

Unresolved Issues. (Docket no. 49). The motion has been referred to the undersigned for decision pursuant to 28 U.S.C. § 636(b)(1)(A). (Docket no. 36). The Court heard oral argument on the motion on November 23, 2009. The matter is now ready for ruling.

Plaintiff filed a declaratory judgment and breach of contract action seeking a determination that it has a right under an 1897 Agreement to cross Defendant's rail lines to provide freight transportation services to non-party Korneffel. (Docket no. 1). Defendant served its First Set of Requests for Production of Documents and Materials on Plaintiff on May 13, 2009. (Docket no. 35). In response to the requests Plaintiff produced approximately 1200 pages of documents, but redacted information it claims is irrelevant from documents produced in response to requests numbers 12, 13, and 16. Additionally, Plaintiff produced documents without organizing and labeling them to correspond to Defendant's discovery requests.

On September 14, 2009 Defendant filed the instant Motion to Compel. In its motion, Defendant seeks an order compelling Plaintiff to produce information redacted from documents produced in response to document requests numbers 12, 13, and 16. Defendant also seeks an order compelling the Plaintiff to label and organize its document production in accordance with Federal Rule of Civil Procedure 34(b)(2)(E)(i).

**Redaction of Confidential Material**

In response to document requests numbers 12, 13, and 16, Plaintiff produced document logs wherein it redacted information it claims is irrelevant. The document logs were then stamped "Confidential." In the instant motion, Defendant argues that Plaintiff is not entitled to withhold information from relevant documents and instead should have sought a protective order related to the confidential material. Defendant further contends that Plaintiff failed to object to the document

requests on the basis of relevancy and failed to produce a privilege log as required under Federal Rule of Civil Procedure 26(b)(5).  Plaintiff argues in response that material was redacted because it relates to confidential third party customer information and rates that are not relevant and are not discoverable.  Plaintiff further contends that it is not required to produce a privilege log because it is not asserting a privilege.

Requests for Production numbers 12 and 13 seek documents related to communications between Plaintiff and Norfolk Southern, or Plaintiff and Korneffel, regarding the provision of rail freight transportation services to Korneffel.  Document request number 16 seeks documents related to agreements entered into by Korneffel and Plaintiff related to the provision of rail freight transportation services for the Korneffel Facility.  Plaintiff produced document logs along with other information in response to the Defendant's requests.  One such log lists customer information by name, location, commodity, annual volume, and other information.  This particular log contains eighty rows of customer information, only one of which relates to Korneffel.  All other entries on this log are left blank and stamped "Confidential."  A second log is titled "Sidetrack Agreement Project" and contains eighty-two rows of customer entries, only three of which were disclosed and which relate to Korneffel.  Several other document logs appear to have been produced by the Plaintiff.  In these logs, which are not titled, the majority of entries are stamped "Confidential" and only one or two scattered entries disclose information related to Korneffel.

The document logs produced by Plaintiff in response to the production requests contain customer information related to Korneffel.  They are therefore relevant to the issues in this lawsuit and responsive to the discovery requests at issue in this motion. (Docket no. 35, ex. 6).  Plaintiff took it upon itself to redact information from the documents on the grounds that the redacted

3

material is irrelevant. Its actions in unilaterally editing relevant documents has raised the suspicions of the Defendant.

At the November 23, 2009 hearing on this motion, Plaintiff agreed to produce unredacted documents responsive to the document requests at issue subject to a designation of Outside Attorney Eyes only, and subject to an agreement that review is permitted only by attorneys who are not involved in rate work for the Defendant. Defendant argued in response that in-house counsel should be permitted to review the documents since the document review requires special expertise. The Court finds that Plaintiff's suggestion protects the interests of both parties. The document requests at issue in this motion ask only for information related to Korneffel, hence third party customer information and rate information related to third parties is not responsive to the requests. The Court sees no reason why special expertise is needed to determine whether the Plaintiff's response is related to Korneffel or to a third party customer.

The parties may stipulate to the terms of a protective order on or before December 31, 2009 that better suits their needs. In the absence of a stipulated protective order, however, the Plaintiff will be ordered to produce unredacted documents in response to document requests number 12, 13, and 16 subject to a designation of Outside Attorneys Eyes Only and subject to an agreement that review of the unredacted documents is permitted only by outside counsel who are not involved in rate work for the Defendant.

**Production of Documents in the Usual Course of Business**

Defendant contends that Plaintiff has not complied with Fed. R. Civ. P. 34 which requires the party who produces documents for inspection to produce them "as they are kept in the usual course of business or . . . organize and label them to correspond to the categories in the request."

Fed. R. Civ. P. 34(b)(2)(E)(i).  Defendant contends that Plaintiff has not complied with either procedure.  Specifically, Defendant asserts that Plaintiff randomly compiled documents that may be responsive to Defendant's requests, putting them in no logical order.  Defendant further asserts that Plaintiff failed to produce emails in the usual course because it did not arrange the responsive emails by custodian, in chronological order.  *See Valeo Elec. Sys., Inc. v. Cleveland Die & Mfg Co.*, No. 08-cv-12486, 2009 WL 1803216, at *2 (E.D. Mich. June 17, 2009) (citing *MGP Ingredients, Inc. v. Mars, Inc.*, No. 06-2318, 2007 WL 3010343, at *2 (D. Kan. 2007) for the proposition that emails are produced in the usual course when they are arranged in chronological order).

Rule 34(b)(2)(E)(i) is meant to prevent a party from obscuring the significance of documents by giving some structure to the production.  *Nolan, L.L.C. v. TDC Intern. Corp.*, No. 06-cv-14907, 2007 WL 3408584, at *2 (E.D. Mich. November 15, 2007) (citing *Johnson v. Kraft Foods, N.A., Inc.*, 236 F.R.D. 535, 540 (D. Kan. 2006)).  The party arguing that it produced documents as they were kept in the usual course of business bears the burden of showing that the documents were so kept.  *Nolan, L.L.C. v. TDC Intern. Corp.*, No. 06-cv-14907, 2007 WL 3408584, at *2 (E.D. Mich. November 15, 2007).  A party does so by revealing such information as where the documents were maintained, who maintained them, and whether the documents came from one single source or file or from multiple sources or files.  *Id.*  If the producing party produces documents in the manner in which they are kept in the ordinary course of business, the Rule 34 imposes no further duty to organize and label the documents to correlate to the particular request to which they are responsive.  *Valeo Elec. Sys., Inc. v. Cleveland Die & Mfg Co.*, No. 08-cv-12486, 2009 WL 1803216, at *3 (E.D. Mich. June 17, 2009).

Plaintiff has demonstrated that it produced the 1200 pages of documents as they were kept in the normal course of business. Plaintiff identified the document custodians and the range of Bates numbers for each custodian's set of documents, along with the date associated with the document creation. Plaintiff indicates that the documents were produced in the order that they were found on the hard drive of each document's custodian. Email attachments were produced directly following the corresponding email. Although the emails were not arranged in chronological order, the Court does not find that this is fatal to the Plaintiff's production. *See MGP Ingredients, Inc. v. Mars, Inc.*, No. 06-2318, 2007 WL 3010343, at *2 (D. Kan. October 15, 2007) (because the parties conceded that emails arranged in chronological order were produced in the usual course of business, the court did not reach the issue of whether such arrangement was required for normal course production). The Plaintiff has sufficiently demonstrated that it produced documents in the normal course of business.

**IT IS THEREFORE ORDERED** that Defendant's Motion To Compel Discovery (docket no. 35) is **GRANTED** in part. The parties may stipulate to the terms of a protective order on or before December 31, 2009. In the absence of a stipulated protective order, Plaintiff is ordered to produce on or before January 8, 2010 unredacted documents in response to document requests number 12, 13, and 16 subject to a designation of Outside Attorneys Eyes Only and subject to an agreement that review of the unredacted documents is permitted only by outside counsel who are not involved in rate work for the Defendant. The remainder of Defendant's Motion to Compel is **DENIED** without prejudice, including the request for attorneys fees. Fed. R. Civ. P. 37(a)(5)(A)(ii) and (iii).

## NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).


Dated: December 18, 2009         s/ Mona K. Majzoub
                                 MONA K. MAJZOUB
                                 UNITED STATES MAGISTRATE JUDGE


## PROOF OF SERVICE

I hereby certify that a copy of this Opinion and Order was served upon Counsel of Record on this date.

Dated: December 18, 2009         s/ Lisa C. Bartlett
                                 Case Manager