UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CONSOLIDATED RAIL CORPORATION
and NORFOLK SOUTHERN RAILWAY
CO.,

 Plaintiffs,          CIVIL ACTION NO. 09-CV-10179

vs.               DISTRICT JUDGE NANCY G. EDMUNDS

GRAND TRUNK WESTERN      MAGISTRATE JUDGE MONA K. MAJZOUB
RAILROAD CO.,

 Defendant,

 -and-

GRAND TRUNK WESTERN
RAILROAD CO.,

 Counter-Claimant,

vs.

CONSOLIDATED RAIL CORPORATION
and NORFOLK SOUTHERN RAILWAY
CO.,

 Counter-Defendants.
_____/

**<u>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO COMPEL DEPOSITIONS AND FOR EXTENSION OF PRETRIAL CUTOFF DEADLINES AND PROCEEDINGS (DOCKET NO. 59)</u>**

   This matter comes before the Court on Defendant's Motion to Compel Depositions and for Extension of Pretrial Cutoff Deadlines and Proceedings, filed on February 17, 2010. (Docket no. 59). Plaintiffs have filed a response. (Docket no. 64). Defendant filed a Reply Brief. (Docket no. 68). The parties filed a Joint Statement of Resolved and Unresolved Issues. (Docket no. 70). The

1

motion has been referred to the undersigned for decision pursuant to 28 U.S.C. § 636(b)(1)(A). (Docket no. 60). The Court dispenses with oral argument on the motion pursuant to E.D. Mich. LR 7.1(e). This matter is now ready for ruling.

The parties reveal in their joint statement that the issues in Defendant's Motion to Compel Depositions have been narrowed to two matters. (Docket no. 70). The first concerns whether Plaintiffs should be required to produce Conrail employees Meghan Achimasi, Philip Lynch, Joan Giardinelli, and William Bayliff for depositions regardless of whether mediation occurs and within 60 days after the entry of an order. The second issue is whether Defendant is entitled to its costs and attorney's fees incurred in having to file the motion.

On September 22, 2009 Defendant served a Notice of Taking Deposition of Megan Achimasi. (Docket no. 59, Ex. 5). Achimasi's deposition was noticed for September 29, 2009. The deposition was cancelled by the Defendant and later renoticed for October 28, 2009. (Docket no. 59 at 4). Achimasi's deposition was cancelled a second time after Plaintiffs' counsel fell ill. (Docket no. 59 at 4).

On October 9, 2009 Defendant served Notices of Taking Depositions of Philip Lynch and William Bayliff. (Docket no. 59, Ex. 5). Lynch's deposition was noticed for October 21, 2009. Bayliff's deposition was noticed for October 30, 2009. Both of these depositions were cancelled because counsel for Plaintiffs and Defendant were ill. (Docket no. 59 at 4). The Defendant did not provide the Court with a Notice of Deposition of Joan Giardinelli.

The Defendant submitted copies of emails exchanged between the parties from September 2009 to January 2010 in which the Defendant sought mutually convenient deposition dates for the proposed deponents. (Docket no. 59, Ex. 2-4, 7). On January 28, 2010 Plaintiffs' counsel sent an

2

email to Defendant stating that they would not recommend facilitative mediation to the Plaintiffs if Defendant continued to pursue multiple depositions beforehand, because doing so would frustrate the cost-saving benefit of facilitation. (Docket no. 59, Ex. 7). The email states in part that Plaintiffs believed that Achimasi, Giardinelli and Lynch were beyond the scope of key witnesses they agreed to produce before facilitation, and that because the deponents lived in three different cities the cost of accommodating the Defendant's request would be significant. Plaintiffs informed the Defendant that they would provide dates for the depositions of these witnesses to occur after the facilitation, in the event the case doesn't settle. (Docket no. 59, Ex. 7).

Defendant filed the instant motion to compel, arguing that Plaintiffs have delayed in providing dates and have refused to produce the witnesses for deposition. (Docket no. 59 at 2). In response, Plaintiffs have agreed to produce Achimasi, Lynch, Giardinelli, and Bayliff, but state that they may elect not to proceed with voluntary mediation if they are required to produce the proposed deponents before the date set for mediation.

Federal Rule of Civil Procedure 30 permits a party to depose any person upon proper written notice. Defendant has not shown that they served a proper Notice of Deposition on Giardinelli. Defendant has also not shown that they renoticed the depositions of Achimasi, Lynch, and Bayliff after the original depositions were cancelled. However, the correspondence between the parties shows that the Defendant diligently sought dates for the proposed depositions and those dates were withheld, at least as to Achimasi, Giardinelli, and Lynch, based on Plaintiffs' belief that facilitative mediation should proceed without the witnesses' deposition testimony.

The parties' Rule 26(f) discovery plan states that the parties will explore mediation but does not identify key witnesses subject to discovery before mediation. (Docket no. 12). The Court will

order the Defendant to notice the deposition of Giardinelli and renotice the depositions of Achimasi, Lynch, and Bayliff in accordance with Federal Rule of Civil Procedure 30. The Plaintiffs will be ordered to produce the deponents and may not refuse to produce the witnesses if the depositions are scheduled before mediation.

The parties have been strongly encouraged to engage in mediation. (Docket no. 68 at 1). However, this Court cannot require either party to participate in voluntary mediation. Therefore, when noticing the depositions the Defendant should weigh their need for and timing of the depositions against the Plaintiffs' stated position that they may not proceed with mediation if the depositions are taken before the date for mediation has passed.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Compel Depositions is **GRANTED IN PART AND DENIED IN PART**. Defendant is ordered to notice the deposition of Giardinelli and renotice the depositions of Achimasi, Lynch, and Bayliff in accordance with Federal Rule of Civil Procedure 30. The depositions will be scheduled at a mutually convenient date and time to be concluded no later than the close of discovery.

**IT IS FURTHER ORDERED** that Plaintiffs will produce the witnesses in accordance with the duly served notices of deposition. Plaintiffs may not refuse to produce the witnesses if the depositions are scheduled before mediation.

**IT IS FURTHER ORDERED** that Defendant's request for costs and attorney's fees incurred in having to file this motion is **DENIED**.

## NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

Dated: April 12, 2010　　　　　s/ Mona K. Majzoub
　　　　　　　　　　　　　　　MONA K. MAJZOUB
　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this Opinion and Order was served upon Counsel of Record on this date.

Dated: April 12, 2010　　　　　s/ Lisa C. Bartlett
　　　　　　　　　　　　　　　Case Manager