**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

CONSOLIDATED RAIL CORPORATION
and NORFOLK SOUTHERN RAILWAY
CO.,

    Plaintiffs,                              CIVIL ACTION NO. 09-CV-10179

vs.                                       DISTRICT JUDGE NANCY G. EDMUNDS

GRAND TRUNK WESTERN          MAGISTRATE JUDGE MONA K. MAJZOUB
RAILROAD CO.,

    Defendant,

    -and-

GRAND TRUNK WESTERN
RAILROAD CO.,

    Counter-Claimant,

vs.

CONSOLIDATED RAIL CORPORATION
and NORFOLK SOUTHERN RAILWAY
CO.,

    Counter-Defendants.
_____/

**ORDER GRANTING PLAINTIFFS' MOTION FOR A PROTECTIVE ORDER
(DOCKET NO. 82)**

This matter comes before the Court on Plaintiffs' Motion Requesting an Outside Attorney's

Eyes Only Protective Order, filed on May 20, 2010. (Docket no. 82). The motion is fully briefed.

This matter has been referred to the undersigned for decision pursuant to 28 U.S.C. § 636(b)(1)(A).

(Docket no. 83). The Court dispenses with oral argument on the motion pursuant to E.D. Mich. LR

1

7.1(e). This matter is now ready for ruling.

Plaintiffs move for an Outside Attorney's Eyes Only Protective Order that limits disclosure of certain categories of information to the Court, outside counsel, and non-employee experts engaged by Defendant in connection with this litigation. Plaintiffs contend that the protective order is critical to the completion of the deposition of Mr. James Schaaf, Plaintiff's designated corporate representative on the issue of damages. The categories of information subject to the proposed protective order include (1) information regarding Plaintiff Norfolk Southern's operating costs and profit margins; and (2) specific transaction pricing information contained in a private confidential contract between Plaintiff Norfolk Southern and its existing customer, Steel Dynamics, Inc.

Defendant objects to the Plaintiffs' proposed protective order for a number of reasons, stating that the Plaintiffs' proposed order deprives Defendant of the opportunity to defend against Plaintiffs' claims and prosecute its own counterclaims, and precludes consideration of information by witnesses and a jury if this matter goes to trial. Defendant also claims that Plaintiffs waived their right to seek a protective order when they failed to obtain the order prior to the time of Mr. Schaaf's April 21, 2010 Rule 30(b)(6) deposition.

Federal Rule of Civil Procedure 26(c) provides that for good cause shown, a party may seek an order that limits the scope and dissemination of discoverable information. The Court has broad discretion to fashion an appropriate protective order. *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36-37 (1984). Ordinarily a motion for protective order is considered timely if filed prior to the date of the scheduled deposition. *Brittain v. Stroh Brewery Co.*, 136 F.R.D. 408, 413 (M.D. N.C. 1991); *In re Air Crash Disaster at Detroit Metro. Airport*, 130 F.R.D. 627, 630 (E.D. Mich. 1989). A party's failure to request a protective order prior to the time set for producing the discovery may be

excused for good cause. *Brittain v. Stroh Brewery Co.*, 136 F.R.D. at 413.

Defendant argues that Plaintiffs motion is untimely because it was filed after Mr. Schaaf's April 21, 2010 deposition. The Court disagrees. The deposition of Mr. Schaaf is scheduled to continue on or around June 16, 2010. The Court concludes that Plaintiffs' motion is timely.

The parties have been unable to agree on the provisions to be contained in the proposed protective order and have both submitted proposed orders for the Court's review. Having considered the parties proposed orders and briefs on this matter, the Court will grant Plaintiffs' motion and will order Plaintiffs to revise their proposed protective order to address the issues raised in this Order.

The parties disagree over whether the materials and information in question should be designated "Outside Attorney's Eyes Only" or "Confidential." The Court concludes that the information at issue is to be designated "Confidential."

The parties also disagree over to whom the designated materials may be disclosed. (Docket no. 82, Ex. 2 at p. 4-6). The Court finds that the materials and information in question may be disclosed to: (a) the Court and its staff; (b) any juror during trial; (c) any court reporter who records any deposition or other testimony in this case; (d) in-house and/or outside counsel working on the prosecution or defense of this action; (e) any paralegal, clerical employee, and/or law clerk retained or employed and supervised by counsel who is working on the prosecution or defense of this action; (f) as to the confidential business terms governing the relationship between Plaintiffs and Steel Dynamics, Inc., employees or contract employees of Steel Dynamics, Inc. that Defendant calls as a witness (docket no. 88 at p. 3); and (g) outside expert witnesses or outside consultant witnesses retained by Defendant in this action to assist it in the litigation between the parties.

The Court finds that paragraph 3 on page 5 of Plaintiffs' proposed protective order (docket

no. 82, Ex. 2 at p. 5), establishing restrictions on the disclosure of the subject materials to outside expert witnesses should be stricken in its entirety. Paragraphs 1 and 4 on pages 4 and 6 of Plaintiffs' proposed protective order (docket no. 82, Ex. 2 at p. 4, 6) should be modified to designate the information as "Confidential," but otherwise should be retained. All other provisions of Plaintiffs' proposed protective order should be retained subject only to the modifications stated in this Order.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion Requesting an Outside Attorneys Eyes Only Protective Order (docket no. 82) is **GRANTED** subject to the terms of this Order.

**IT IS FURTHER ORDERED** that on or before June 14, 2010 Plaintiffs are to revise their proposed protective order to address the issues raised herein and present the revised proposed protective order to the Court for review and entry.

## NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

Dated: June 10, 2010                    s/ Mona K. Majzoub
                                        MONA K. MAJZOUB
                                        UNITED STATES MAGISTRATE JUDGE


## PROOF OF SERVICE

I hereby certify that a copy of this Opinion and Order was served upon Counsel of Record on this date.

Dated: June 10, 2010                    s/ Lisa C. Bartlett
                                        Case Manager