UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CONSOLIDATED RAIL CORPORATION
and NORFOLK SOUTHERN RAILROAD
COMPANY,

    Plaintiffs/Counter-Defendants,

v.                                                                               Case No. 09-cv-10179

GRAND TRUNK WESTERN RAILROAD                    Honorable Nancy G. Edmunds
COMPANY,

    Defendant/Counter-Plaintiff/Third-
    Party Plaintiff,

v.

CSX TRANSPORTATION, INC.,

    Third-Party Defendant.

_____/

**OPINION AND ORDER DENYING PLAINTIFFS' MOTION FOR ENTRY OF JUDGMENT OF NO CAUSE OF ACTION**

This matter comes before the Court on Plaintiffs Consolidated Rail Corporation, Norfolk Southern Railway Company, and CSX Transportation, Inc.'s ("Plaintiffs") motion for entry of judgment of no cause of action or, in the alternative, for dismissal for lack of subject matter jurisdiction. For the following reasons, Plaintiffs' motion is DENIED.

**I.    Facts**

From March 6 to March 16, 2012, this Court held a jury trial on two claims: (1)

1

breach of Trackage Rights Agreement by Conrail and (2) breach of Trackage Rights Agreement by Grand Trunk. On March 16, 2012, the jury returned a verdict in Plaintiffs' favor. The verdict form asked, "Under the 1996 Trackage Rights Agreement, did Conrail (as agent for Norfolk Southern and CSX) have the right to use Grand Trunk Western Railroad Company's tracks to deliver freight to E.C. Korneffel Co.?" The jury answered "Yes" to this question. The verdict form then asked, "In what amount, if any do you find that CSX and NS suffered damages as a result of Grand Trunk preventing Conrail from delivering freight to E.C. Korneffel Co. from May 14, 2008 forward?" The jury awarded damages to NS for $39,816.80 and damages to CSX for $189,351.76.

An additional claim remained for declaratory judgment as Count II in Defendant's Second Amended Counterclaim. The parties agreed that the declaratory judgment count would not be submitted to the jury and would, instead, be determined by the Court. The March 5, 2012 Amended Joint Final Pre-Trial Order states, "This case is set for a JURY trial although the Court will determine the counts requesting declaratory judgment." (Am. Joint Final Pre-Trial Order, 15.)

Plaintiff now moves for the Court to enter a judgment of no cause of action on Defendant's claim for declaratory judgment or dismiss it for lack of subject matter jurisdiction.

**II. Analysis**

"In a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as

2

such." 28 U.S.C. § 2201(a).

Plaintiffs argue that this Court has no jurisdiction on the declaratory judgment claim because the Court is bound by the jury verdict. Plaintiffs cite several cases in which trial courts' judgments that conflicted with the jury verdicts were reversed. In *Lewis v. Roebuck & Company*, the Sixth Circuit held that the district court was bound by the jury's factual finding of discrimination when deciding the plaintiff's Title VII equitable claim for reinstatement. 845 F.2d 624, 628 (6th Cir. 1988). The other cases cited by Plaintiffs cite to *Lewis* and support the same proposition.

Defendant argues that the cases cited by Plaintiffs are easily distinguishable from this case because before trial in this case, the parties agreed and the Court ordered that one legal claim would go to the jury (breach of contract) and that a separate legal claim would be determined by the Court (declaratory judgment). Defendant offers no evidence for the proposition that the pretrial motions in those other cases did not similarly designate some claims for the jury trial and others for determination by the judge. The cases relied on by Plaintiffs, however, do not support their argument.

Assuming *arguendo* that this case is indistinguishable from the cases Plaintiffs cited in their motion,[1] at most, *Lewis* and the other cases stand for the proposition that this Court is required to take into account the jury verdict and is precluded from issuing findings of fact that contradict the jury's decision. None of the cases, however, assert the proposition that

---

[1] In the cases cited by Plaintiffs the legal and equitable issues relied on the same facts to determine an allegation of discrimination in the past and its remedy. Here, however, declaratory judgment is sought on the current and future rights of the parties pursuant to the 1996 TRA, where the jury was asked, "Under the 1996 Trackage Rights Agreement, **did** [Plaintiffs] have the right to use [Defendant]'s tracks . . . ?"

3

a court does not have jurisdiction over an equitable claim subsequent to a jury verdict.

In *Lewis*, the Sixth Circuit did not hold that after the jury reached a verdict, the court no longer had jurisdiction to determine the equitable claim. The court determined that "the legal claim . . . must be tried first before a jury and the equitable claim resolved subsequently *in light of* the jury's determination of the legal claim." Lewis, 845 F.2d at 629 (emphasis in original). Similarly, in *Rzanca v. Kimberly-Clark Corporation*, the court held that a judge "must, as a matter of federal law, make findings on equitable claims that are consistent with the jury's findings on legal claims." Nos. 88-1983, 88-2050, 1989 WL 142053, at *3 (6th Cir. 1989). Again, this supports the proposition that a court is to make findings that are consistent with the jury's findings, not that a court is stripped of its jurisdiction on the issue. *See also Gutzwiller v. Fenik*, 860 F.2d 1317, 1333 (6th Cir. 1988) (holding that the district court was "without power to reach a conclusion inconsistent with that of the jury," not that the district court was without any power at all).

In their Reply Brief, Plaintiffs state that they are not arguing that the Court does not have jurisdiction to decide the declaratory judgment claim (despite their initial motion arguing just that):

> [Plaintiffs] are not asking the Court to refrain from issuing judgment or otherwise from deciding the declaratory relief claim . . . [Plaintiffs] are simply asking the Court to decide the claim in accordance with the guiding principles of applicable case law, and enter judgment consistent with the findings of the jury.

(Pls. Reply 1-2.)

While this Court appreciates Plaintiffs' efforts to remind the Court of its obligations, because this Court issued findings of fact and conclusions of law consistent with the jury verdict, this Court DENIES Plaintiffs' motion as moot.

4

### III.  Conclusion

For the foregoing reasons, Plaintiffs' motion for entry of judgment of no cause of action and dismissal for lack of subject matter jurisdiction is DENIED.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated:  August 29, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 29, 2012, by electronic and/or ordinary mail.

s/Carol A. Hemeyer
Case Manager