UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CONSOLIDATED RAIL CORPORATION
and NORFOLK SOUTHERN RAILROAD
COMPANY,

    Plaintiffs/Counter-Defendants,

v.                                              Case No. 09-cv-10179

GRAND TRUNK WESTERN RAILROAD       Honorable Nancy G. Edmunds
COMPANY,

    Defendant/Counter-Plaintiff/Third-
    Party Plaintiff,

v.

CSX TRANSPORTATION, INC.,

    Third-Party Defendant.

_____/

## ORDER AND OPINION GRANTING PLAINTIFFS' MOTION TO REVIEW THE ACTION OF THE TAXATION CLERK AND DIRECTING THE TAXATION CLERK TO TAX DEFENDANT GRAND TRUNK $4,531.45 [240]

Before the Court is Plaintiff Norfolk Southern Railway Company and Counter-Claimants Consolidated Rail Corporation and CSX Transportation, Inc.'s motion to review the action of the taxation clerk pursuant to Federal Rule of Civil Procedure 54(d)(1). (Dkt. 240.)

Plaintiffs have set forth the relevant facts:

1. On August 12, 2013, the Court entered an Order and Opinion denying all of Defendant Grand Trunk Western Railroad Company's post-trial motions.

2. On August 28, 2013, the Prevailing Parties filed their Amended Bill of Costs with the Clerk of the Court.

3. On September 6, 2013, the Taxation Clerk issued the Taxed Bill of Costs.

(Pls.' Mot. at 2.) Plaintiffs state that the Taxation Clerk deducted the amounts of two jury trial transcripts ($2,329.25 and $2,202.20) from the taxable costs amount because the actual transcripts were not attached as supporting documentation to docket entry 222. (*Id.*)

In their amended bill of costs, Plaintiffs requested fees for transcripts used in the proposed findings of facts and conclusions of law and "related briefing." (Pls. Am. Bill of Costs at 4.) Plaintiffs cited docket numbers 219 and 222 as the docket entries for the motions. (*Id.*) In the amended bill of costs, Plaintiffs submitted a signature pursuant to 28 U.S.C. § 1924 declaring that the costs were correct and necessarily incurred in the case. (*Id.* at 5.)

The Clerk of the Court denied the requested court reporter fees, for the reasons that Plaintiffs stated. (Dkt. 237, Taxed Bill of Costs at 2.) The Clerk of the Court pointed to the Eastern District of Michigan's Bill of Costs Handbook, Section II, C, 1, d, page 3. (*Id.*)

Section II, C, deals with fees for witnesses, which are not relevant here. The Court assumes that the Clerk meant Section II, B, 1, d, on page 3. That section relates to court reporter fees.[1] The section provides, "[i]f[a] transcript was used in support of a motion, counsel is required to provide the taxation clerk with the title of the motion and the

---

[1] Eastern District of Michigan Bill of Costs Handbook, rev'd Jan. 2010, available at http://www.mied.uscourts.gov/Rules/BillOfCosts200711.pdf (last visited November 18, 2013).

approximate date it was filed." (*Id.*) The section further provides that the Clerk will deny costs "without the supporting documentation." (*Id.*)

Here, the Clerk of Court denied the contested amounts because Plaintiffs did not attach portions of the purchased transcripts to the motions submitted on the docket. The Court finds that that attachment is not necessary, given the Bill of Costs Handbook's language. Plaintiffs cited the appropriate motions for which it needed the transcripts. That citation points to the name of the motions and the date on which Plaintiffs filed the motion. Plaintiffs have also submitted the receipt from the court reporter.

The Court finds that Plaintiffs have submitted the appropriate documentation with the requisite detail. *See Glowacki v. Howell Pub. Sch. Dist.*, 11-15481, 2013 WL 5203994, at *2 (E.D.Mich. Sept. 16, 2013) (Duggan, J.) (denying a request for the cost of transcript fees because the party failed to itemize the documentation.).

The Court therefore finds that Plaintiffs are entitled to their request. The Court therefore directs the Clerk of the Court to tax costs in the amount of $4,531.45 to Defendant Grand Trunk.

So ordered.

                              s/Nancy G. Edmunds
                              Nancy G. Edmunds
                              United States District Judge

Dated: November 20, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on November 20, 2013, by electronic and/or ordinary mail.

                              s/Johnetta M. Curry-Williams
                              Case Manager
                              Acting in the Absence of Carol A. Hemeyer